**Robert Allan CORNELL, Appellant,**

v.

**Crispus NIX, Warden, ISP, Appellee.**

**No. 90–1195.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1990.

Decided Dec. 17, 1990.

James P. Cleary, Phoenix, Ariz., for appellant.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and LARSON,* Senior District Judge.

---

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

ROSS, Senior Circuit Judge.

In this habeas corpus proceeding, the petitioner, Robert Allan Cornell, challenges his first-degree murder conviction which was affirmed by the Supreme Court of Iowa, *State v. Cornell*, 266 N.W.2d 15 (Iowa), *cert. denied, Cornell v. Iowa*, 439 U.S. 947, 99 S.Ct. 340, 58 L.Ed.2d 338 (1978). Since the affirmance of that decision and prior to this proceeding, Cornell unsuccessfully challenged his conviction through several proceedings in federal court. *See Cornell v. Iowa*, 628 F.2d 1044 (8th Cir.1980), *cert. denied*, 449 U.S. 1126, 101 S.Ct. 944, 67 L.Ed.2d 112 (1981)[1].

In the present case, Cornell contends that he was denied his constitutional right to due process because the state suppressed material exculpatory evidence and because newly discovered evidence shows that his conviction was based on false testimony. The state district court denied postconviction relief but the state court of appeals reversed and ordered a new trial. On further review, the Iowa Supreme Court vacated the decision of the state court of appeals and denied postconviction relief. *Cornell v. State*, 430 N.W.2d 384 (Iowa 1988). On federal review, the federal district court denied Cornell's habeas corpus petition. We reverse and remand for an evidentiary hearing.

The facts have been reported extensively in the opinions from both the state and federal courts and need not be detailed here. It is enough to say that in August 1976 Kenneth Crow, Cornell, and Cornell's fourteen year old half-brother, Glen Albert Oliver (Albert), drove from Des Moines to Texas in Cornell's car. They returned a few days later without Crow. Several days after their return, Albert told his family and law enforcement officers that Cornell

had shot Crow with a .38 caliber revolver in a wooded area near an interstate highway in southern Iowa. With Albert's help, Crow's body was found the next day. He had been shot in the head.

The state charged Cornell with first-degree murder under Iowa Code §§ 690.1, 690.2 (1975), and the case was tried to a jury. The state's case rested primarily on the testimony and credibility of Cornell's half-brothers, Albert and Bryce Oliver, and on the corroboration testimony of Eric Lynn Cross.

The defense urged that Albert fabricated his testimony. Cornell testified that Crow voluntarily left the car alone after an argument with Cornell and that Bryce Oliver, Cornell's half-brother, was Crow's killer. After 21 hours of deliberation and an *Allen* instruction[2], the jury returned a verdict of guilty.

In his habeas petition, Cornell first argues that exculpatory evidence was improperly suppressed in violation of the disclosure rule laid down in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The successful establishment of Cornell's claim requires three findings: (1) the prosecution suppressed evidence, (2) the evidence was favorable to the accused, and (3) the evidence was material to the issue of guilt. *Id.* at 87, 83 S.Ct. at 1196. Suppressed evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985).

Cornell bases his claim on two evidentiary items:

1. A statement from Jody Seidenkranz on October 6, 1976, in which she said she

---

**1.** In 1979, Cornell sought and was granted federal habeas relief. *Cornell v. Iowa*, No. 78–368–2 (S.D.Iowa 1979). On appeal, a panel of the Eighth Circuit, in a two-to-one decision, reversed the district court's grant of relief and denied Cornell's habeas petition. *Cornell v. State*, 628 F.2d 1044 (8th Cir.1980), *cert. denied*, 449 U.S. 1126, 101 S.Ct. 944, 67 L.Ed.2d 112 (1981). Cornell's 1979 petition for relief was based on the claim that the trial judge improper-

ly coerced a verdict when he inquired into the numerical division of the jury after they had retired to deliberate and then followed the inquiry with an *Allen* instruction. *Id.* at 1045.

**2.** *See Allen v. United States*, 164 U.S. 492, 501–02, 17 S.Ct. 154, 157, 41 L.Ed. 528 (1896), in which the Court approved supplemental instructions advising jurors in a deadlock to have proper deference for each other's opinions.

was at her mother's residence when Cornell and Albert returned home from Texas. Cornell said that Crow got out of his car at Mt. Ayr and stole Cornell's gun. Jody said Albert agreed with Cornell's statement.

2. A September 29, 1976 statement in which Bryce admitted taking a razor scraper from his pocket during a fight with Crow and made threats toward Crow. The fight occurred about four days before Crow left for Texas.

Cornell contends that the prosecution was aware of this evidence, yet failed to disclose such evidence to the defense. Cornell charges that the prosecution's failure to disclose this exculpatory evidence denied him his right to a fair trial and due process of law. Although the district court found that this withholding was "reprehensible," it concluded that the failure to disclose the impeachment evidence did not amount to constitutional error.

■ In addition to his claims of *Brady* violations, Cornell also argues that his petition for writ of habeas corpus should be granted because he has discovered new evidence indicating that Eric Lynn Cross, a key prosecution witness, falsely testified against Cornell at his trial. While it is true that a "claim of newly discovered evidence relevant to the guilt of a state prisoner is generally not a ground for relief on federal habeas corpus," *Mastrian v. McManus*, 554 F.2d 813, 822 (8th Cir.), *cert. denied*, 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977), such evidence does constitute a ground for relief where "it bears upon the constitutionality of the petitioner's detention." *Byrd v. Armontrout*, 880 F.2d 1, 8 (8th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1326, 108 L.Ed.2d 501 (1990). This court has held that "relief will not be granted unless it can be shown that the [newly discovered] evidence would probably produce an acquittal on retrial." *Dumond v. Lockhart*, 885 F.2d 419, 421 (8th Cir.1989).

The newly discovered evidence in the instant case purportedly demonstrates that Eric Lynn Cross committed perjury during Cornell's trial, when he testified that on August 28, 1976, he had a conversation with Robert Cornell in which Cornell stated that "we didn't have to worry about Kenny, because that Kenny had tried to shoot him and he [Cornell] broke his neck." In 1977, after Cornell's trial, Eric Cross allegedly signed two letters which recanted his trial testimony. This information was apparently not revealed to the defense at the time of Cornell's postconviction proceedings. Again, on February 28, 1989, Cross signed a sworn affidavit stating that although a conversation took place "on or about August 30, 1976" between Cornell and Cross, Cross "did not hear [Cornell] say that he killed Kenny Crow or that he had done any harm to him." This affidavit is in direct opposition to Cross' testimony at trial.

Because Cross' testimony at trial was crucial to the prosecution's case, coupled with the length of the jury deliberations followed by the *Allen* instruction, we consider the subsequent recantation of Cross' testimony to warrant further inquiry. Accordingly, we remand to the district court for an evidentiary hearing on the question whether this recantation was in fact newly discovered evidence of the type that would warrant a new trial. The question whether the newly discovered evidence "bears upon the constitutionality of [Cornell's] detention" should be considered in connection with Cornell's other claims of *Brady* violations. The district court is then requested to certify its findings of fact and conclusions of law to this court. We retain jurisdiction of this appeal.

The judgment of the district court is reversed and remanded.