**Robert Allan CORNELL, Appellant,**

v.

**Crispus NIX, Warden, ISP, Appellee.**

**No. 90–1195.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 23, 1991.

Decided Jan. 15, 1992.

James P. Cleary, Phoenix, Ariz., argued, for appellant.

Bonnie J. Campbell, Des Moines, Iowa argued (Thomas J. Miller and Thomas D. McGrane on the brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and LARSON,* Senior District Judge.

ROSS, Senior Circuit Judge.

This is a habeas corpus proceeding under 28 U.S.C. § 2254, by a state prisoner, Robert Allan Cornell, who is serving a term of life imprisonment imposed after a jury found him guilty of first degree murder in the death of Kenneth Crow. On December 17, 1990, this court remanded the case to the district court for an evidentiary hearing to consider whether a key prosecution witness's recantation of his trial testimony was newly discovered evidence which would warrant habeas relief. *See Cornell v. Nix,* 921 F.2d 769, 771 (8th Cir.1990). The case is again before us following an evidentiary hearing by the district court on remand and certification of its findings of fact and conclusions of law to this court.

The newly discovered evidence in the instant case purportedly demonstrates that Eric Lynn Cross committed perjury during Cornell's trial when he testified that on August 28, 1976, he had a conversation with Cornell in which Cornell stated that "we didn't have to worry about Kenny, because that Kenny had tried to shoot him and he [Cornell] broke his neck." In 1977, after Cornell's trial, Eric Cross allegedly signed two letters which recanted this testimony. At that time, however, the veracity of the recantation letters was called into question because of Cross's subsequent statements that Cornell had authored the letters and that Cross only signed the letters when Cornell threatened him.

Subsequently, on February 28, 1989, Cross signed a sworn affidavit stating that although a conversation took place on or about August 30, 1976 between Cross and Cornell, Cross "did not hear [Cornell] say that he killed Kenny Crow or that he had done any harm to him." Because this court considered this evidence to be material to the issue of guilt, we remanded the case to the district court to consider whether this was newly discovered evidence which fell within the standard set forth in *Byrd v. Armontrout,* 880 F.2d 1, 8 (8th Cir.1989), *cert. denied,* 494 U.S. 1019, 110 S.Ct. 1326, 108 L.Ed.2d 501 (1990) (newly discovered evidence constitutes a ground for habeas relief where "it bears upon the constitutionality of the petitioner's detention"), and *Dumond v. Lockhart,* 885 F.2d 419, 421 (8th Cir.1989) (habeas relief will not be granted unless it can be shown that

---

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

the newly discovered evidence would "probably produce an acquittal on retrial").

On remand, the district court held an evidentiary hearing at which Cross testified that his testimony at Cornell's trial regarding Cornell's statement about harming the victim was false. At the remand hearing, Cross testified that he never heard Cornell say anything about harming Kenneth Crow and that he had been abusing drugs at the time of Cornell's trial.

Based on its examination of the evidence presented at the remand hearing, the district court determined that "the newly discovered evidence bears upon the constitutionality of petitioner's detention ... [and] that the suppressed exculpatory evidence is not only favorable to petitioner, but is material to the issue of guilt." The court further found it reasonable to believe that the jury, which deadlocked 7–5 after fifteen hours of actual deliberation and reached a verdict of guilty only after receiving an "*Allen* charge" from the judge and deliberating nearly six more hours, would probably have found Cornell 'not guilty if the type of evidence presented at the remand hearing, coupled with the allegedly suppressed exculpatory evidence, had been presented to the jury. The court concluded that "it is reasonably probable that if there is a retrial and all of this evidence is presented to the jury, the petitioner will be found not guilty."

We first address respondent's contention that Cornell is procedurally barred from raising the issue of Cross's 1989 recantation because Cornell has already been provided the opportunity for a full and fair hearing on the recantation issue. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Respondent argues that Cornell knew of the 1977 Cross recantation but chose not to pursue that issue at his postconviction hearing in 1985. Although the 1977 recantation letters of Eric Cross were admitted at the postconviction hearing, they were not offered to prove the truth of the matter asserted therein. Cross was not present at the postconviction hearing, and although the defense stated that Eric Cross was unavail-

able at that time, the respondent asserts that the record contains no showing of any attempt to contact Cross. Because it appears that the substance of the Cross recantation was not considered by the state court, respondent concludes that Cornell's "inexcusable default" now precludes him from submitting Cross's 1989 affidavit which again recants his testimony at Cornell's trial.

■■■ Ordinarily, claims not properly presented to state courts will be barred from consideration by a federal court on habeas review unless the petitioner can demonstrate cause for the procedural default and actual prejudice. *Id.* at 90, 97 S.Ct. at 2508. Based on our application of the *Wainwright v. Sykes* principles, we find that sufficient cause for the default is demonstrated by the fact that Cross's recantation in his 1989 affidavit was not available at the time of Cornell's trial. Although Cross allegedly recanted his trial testimony in 1977, that recantation was called into serious question by the charge that Cross had been coerced by Cornell to recant. Cross' subsequent recantation, however, some twelve years later, is significant "new evidence," as allegations of coercion are no longer relevant. Based on the circumstances of this case, which have been proceeding for some fourteen years, we decline to apply any rule which might otherwise suggest that this case should be remanded for exhaustion of any available state court remedies. We further find that the "prejudice" element of the *Wainwright v. Sykes* analysis is demonstrated by the district court's finding on remand that if the 1989 affidavit was presented to a jury, the "petitioner [would] be found not guilty."

We find that cause and prejudice are demonstrated in the instant case and, therefore, conclude that Cornell's claim is not procedurally barred under *Wainwright v. Sykes*. Accordingly, based on our determination that the evidence is material to the issue of Cornell's guilt, as well as the district court's conclusion that the evidence would probably produce an acquittal on retrial, we remand this case to the district

court with instructions to conditionally grant the writ of habeas corpus, subject to the right of the State of Iowa to retry Cornell within a reasonable time. On remand from the federal district court, the state court should be instructed to rule upon Cornell's motion for release pending further proceedings.