**Jimmy Lee ALLEN, Appellant,**

v.

**Crispus C. NIX, Appellee.**

**No. 94–2366.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1994.

Decided May 25, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied July 13, 1995.

Bruce Cook, Des Moines, IA, argued, for appellant.

Thomas McGrane, Des Moines, IA, argued, for appellee.

Before McMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Jimmy Lee Allen, an Iowa inmate, appeals from a final order entered in the United States District Court[1] for the Southern District of Iowa adopting the report and recommendation of the magistrate judge[2] and denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Allen v. Nix,* No. 4–92–CV–10491 (S.D. Iowa May 18, 1994) (order adopting report and recommendation); *id.* (July 6, 1993) (magistrate judge's report and recommendation). For reversal, petitioner argues that he is entitled to habeas

relief on grounds that (1) his arrest pursuant to a material witness warrant, and the subsequent search and seizure of items, violated his Fourth Amendment rights; (2) statements he made to the police while in custody were induced by promises of leniency, in violation of his Fifth and Fourteenth Amendment rights; (3) his trial counsel was ineffective in failing to move to suppress evidence derived from his arrest and the subsequent search; (4) his trial counsel was ineffective in failing to move to suppress his statements to the police; and (5) the state trial court's denial of his motion for a new trial based upon newly discovered evidence of actual innocence violated his Fourteenth Amendment right to due process and resulted in a fundamental miscarriage of justice. For the reasons discussed below, we affirm the order of the district court.

Following a jury trial in Iowa state court, petitioner was convicted of first degree murder and sentenced to life imprisonment without parole for participating in the robbery and murder of Clifford Welling at Welling's home in Des Moines, Iowa. On March 5, 1982, petitioner, his brother, Billy Allen, and Daniel Reimers entered the residence while Welling was at home. Items were stolen from the home, including a .38 caliber revolver, Welling's keys, and his wallet. Welling was murdered with a knife. On March 25, 1982, a Des Moines police officer filed a complaint accusing petitioner of being a material witness to Billy Allen's alleged felonious possession of a firearm, namely, the missing .38 caliber revolver stolen from Welling's home. Police arrested and interrogated petitioner pursuant to the material witness warrant. Police also seized a pair of petitioner's shoes. The tread on the shoes matched footprints found outside Welling's house. The police also discovered a fingerprint identified as petitioner's on a telephone inside Welling's house. At trial, Reimers testified for the state pursuant to a plea agreement. He testified that the three men had planned to rob Welling while Welling

---

1. The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

2. The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa.

was at home. According to Reimers, petitioner was supposed to knock and enter on the pretext that he needed to use the telephone to report an accident; Reimers and Billy Allen were then supposed to rush into the house through another door. According to Reimers' testimony, the trio carried out their plot roughly as planned. He claimed that he was upstairs, and petitioner and Billy Allen were downstairs with Welling, at the time of Welling's murder. Petitioner took the stand and testified that they had planned a burglary of an unoccupied residence, that he knocked on the door to determine whether or not anyone was at home, and that he attempted to leave the house after placing the false accident report but Reimers and Billy Allen unexpectedly rushed into the house and attacked Welling. He testified that he was outside of the house when Welling was murdered. Based upon this account, his defense at trial was that he lacked the requisite intent to commit first degree murder.

The jury found petitioner guilty of first degree murder after being instructed on alternative theories of premeditated murder and felony murder. Petitioner's conviction was affirmed on appeal. *State v. Allen*, 348 N.W.2d 243 (Iowa 1984). Petitioner was denied postconviction relief in state court, and the denial was affirmed on appeal. *Allen v. State*, No. PCR 288 (Iowa Dist.Ct. Apr. 2, 1990); *id.*, No. 1–337/90–711 (Iowa Ct.App. Jan. 29, 1992). The Supreme Court of Iowa denied petitioner's application for further review. *Id.* (Iowa Mar. 27, 1992). Petitioner then filed this habeas action in federal district court. The matter was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The parties were permitted to brief and argue the issues raised by petitioner.[3] In a well-written and thorough report and recommendation, the magistrate judge concluded that petitioner had failed to establish a violation of his constitutional rights or his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (*Miranda*); furthermore, because no constitutional right had been violated, the

magistrate judge concluded that petitioner was not entitled to review of his actual innocence claim. *Allen v. Nix*, slip op. at 30 (July 6, 1993).

On petitioner's Fourth Amendment claim, the magistrate judge held that petitioner had failed to show either (1) that he was denied a full and fair opportunity to litigate the claim at trial and on direct review or (2) that a Fourth Amendment violation had occurred. *Id.* at 7–13. The magistrate judge therefore concluded that petitioner had not established exceptional circumstances to overcome the general bar against federal habeas review of a claim that evidence obtained as a result of an unconstitutional search or seizure was introduced at trial. *Id.* at 7 (citing *Stone v. Powell*, 428 U.S. 465, 494 n. 37, 96 S.Ct. 3037, 3052 n. 37, 49 L.Ed.2d 1067 (1976) (violation of exclusionary rule can be basis for federal habeas relief only if both showings are made)).

On petitioner's claim that statements he made to the police following his arrest were obtained in violation of his Fifth Amendment right against self-incrimination, the magistrate judge noted that this claim was raised and was found to be without merit in the state postconviction relief (PCR) proceedings. Slip op. at 13–16. The magistrate judge considered the express findings of the state PCR court that petitioner was advised of his *Miranda* rights and that he waived his *Miranda* rights and agreed to talk to the police without an attorney present. The magistrate judge also noted the state PCR court's implicit finding that no promises of leniency were made to induce petitioner's statements. Upon review of the record, the magistrate judge agreed that, under the totality of the circumstances, petitioner's Fifth Amendment rights had not been violated. Slip op. at 17 (citing *United States v. Rowley*, 975 F.2d 1357, 1361 (8th Cir.1992)). The magistrate judge further determined that, even if the statements were unlawfully obtained, their admission at trial did not have a substantial or injurious effect or influence on

---

3. Some of the issues and arguments presented to the district court have been abandoned by petitioner on appeal.

the jury's verdict. Slip op. at 17–19 (citing *Brecht v. Abrahamson*, —— U.S. ——, ——, 113 S.Ct. 1710, 1721, 123 L.Ed.2d 353 (1993)).

■ The magistrate judge also considered petitioner's claims of ineffective assistance of counsel. Slip op. at 20–28. On petitioner's ineffective assistance claim raising trial counsel's failure to move to suppress evidence flowing from the arrest, the magistrate judge held that (1) counsel acted "within the standard of a reasonably competent attorney" because there was no factual basis on which to challenge the arrest warrant, slip op. at 23, and (2) a motion to suppress was, in any case, probably not likely to succeed. Slip op. at 24. Thus, under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the magistrate judge determined that petitioner was not entitled to habeas relief on this claim. On the ineffective assistance claim raising trial counsel's failure to move to suppress petitioner's statements, the magistrate judge similarly concluded that petitioner had failed to establish either the requisite deficiency of trial counsel's performance or prejudice resulting therefrom. Slip op. at 25–27.

■ Finally, the magistrate judge found no merit to petitioner's claim that the state trial court should have granted petitioner's motion for a new trial based upon newly discovered evidence showing actual innocence. Slip op. at 28–30. The evidence which petitioner relies upon is the testimony of Ronald Ratigen, who was Reimers' jail cellmate following Reimers' arrest. Ratigen testified at Billy Allen's trial regarding an alleged statement made by Reimers while in jail, in which Reimers allegedly stated that he was in jail for "killing [Welling]" and that "it wasn't supposed to happen that way." [4] Petitioner argues that this evidence reveals that he is actually innocent of first degree murder. Without considering whether petitioner had procedurally defaulted on his claim that the denial of a new trial violated

his due process rights, the magistrate judge concluded that petitioner was not entitled to federal habeas review based upon his claim of actual innocence because petitioner had failed to show an independent constitutional violation occurring in the underlying state criminal proceeding. Slip op. at 28–30 (citing *Herrera v. Collins*, —— U.S. ——, ——, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993) (*Herrera*) ("[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding")).[5]

The magistrate judge thus recommended that the petition be denied. The district court adopted the magistrate judge's report and recommendation and denied the petition. This appeal followed.

Upon careful review of the record in the present case, we agree with the district court's conclusion that petitioner has not established a violation of his constitutional rights or his *Miranda* rights; nor has he established grounds for review of his actual innocence claim. We note, however, with respect to petitioner's claim of actual innocence based on newly discovered evidence, that the Supreme Court has recently revisited the rule in *Herrera* and has commented that "[i]f there were no question about the fairness of the criminal trial, a *Herrera*-type claim would have to fail *unless the federal habeas court is itself convinced that those new facts unquestionably establish [the petitioner's] innocence.*" *Schlup v. Delo*, —— U.S. ——, ——, 115 S.Ct. 851, 862, 130 L.Ed.2d 808 (1995) (emphasis added). However, the newly discovered evidence at issue in the present case is insufficient to establish that petitioner is actually innocent of first degree murder since Ratigen's testimony at best only tends to impeach Reimer's testimony and indirectly support petitioner's version of the facts.

---

4. Billy Allen was tried separately from petitioner. He did not testify at his own trial and was acquitted.

5. To the extent petitioner attempts to couch his actual innocence claim in terms of a due process violation based upon the state court's denial of

his motion for a new trial, petitioner does not allege an "independent" constitutional violation. *See Herrera v. Collins*, —— U.S. ——, ——–——, 113 S.Ct. 853, 864–66, 122 L.Ed.2d 203 (1993) (*Herrera*).

The order of the district court is therefore affirmed. *See* 8th Cir.R. 47B.