in selecting materials and contractors for the job. After consequent repairs, a leaky roof eventually caused substantial interior damage to the walls and ceilings of church buildings. Interpreting "merchant" under § 336.2–104(1) for the purposes of application of the Minnesota Consumer Fraud Act, the court held the church was not a "merchant" in the transaction. It declared, "[S]omething more than hiring a consultant is required to move a noncommercial entity within the scope of the definition of 'merchant.'" *Id.* at 7. By comparison, something more than engaging an agricultural specialist is necessary to move the University within the scope of "merchant in goods of the kind."

Contrary to Minnesota application of the U.C.C., the court today penalizes a purchaser for employing expert assistance. Worse still, as in this case, by seeking *general* expert assistance concerning the particular *function* a device should serve—as opposed to gaining expert assistance concerning the particular *hazards* the given device might pose—a purchaser simply barters away the right to protect itself from potential tremendous consequential losses in exchange for information that the purchased device will fit specified operative needs.

The majority recognizes that Dr. Cloud was a prominent expert in grain *"drying"* and that Dr. Cloud's expertise assisted to determine the specific "fan size and BTU requirements." *Ante* at 1412. But as the University argues, this general functional expertise does not equate to expertise in the dryer units themselves, in fuel valves, or in the fire hazard the dryer unit might pose the University's property. Thus, even assuming today's decision otherwise correctly promotes a mere purchaser to a "merchant in goods of the kind" by the purchaser's employment of a risk-calculation expert, the decision is yet in error since Dr. Cloud's expertise concerns only function, not safety. The majority fails

to discuss whether the factual record supports the conclusion that Dr. Cloud was an expert in grain dryers, as opposed to having expertise merely in grain drying. In many cases this type of distinction may be nominal, but not here.

In sum, that the University is large and has purchased several of these heaters in the past and has retained an engineer knowledgeable in the specifications and use of the heaters does not transform the University from an ordinary consumer to a merchant similar to a "trafficker, retailer, trader." *Ante* at 1412. In all due respect, the result reached here is absurd. I think both the legislature of the state of Minnesota and the lawyers of this state should be concerned with this esoteric approach to the law. Any purchaser of goods who now makes a specialized study of consumer products in order to buy a car, a computer, a tractor or any other type of consumer goods for use will now find that its specialized buying knowledge will preclude it from recovering for a defective product that caused consequential damages.[5]

I would reverse.

**Paris Hoyt CARRIGER, Petitioner–Appellant,**

v.

**Terry L. STEWART, Respondent–Appellee.**

**No. 95–99025.**

United States Court of Appeals, Ninth Circuit.

Filed January 30, 1997.

Before HUG, Chief Judge.

---

5. By analogy, consider a businessman who has purchased three computer systems over the past decade, upgrading periodically after conferring with a computer consultant. The consultant considers the particular needs of the business and she assists in purchasing the computer that she recommends. Thus, the new system contains a specific memory capacity and processing speed and includes a certain printer and monitor. A year after the statutory period expires for bringing a breach of warranty or contract claim, a faulty computer component causes a fire, destroying the office. Under the reasoning of the court today, the businessman's specialized knowledge—as imputed through his consultant—would leave him a "merchant in goods of the kind," notwithstanding that his consultant's functional expertise did not concern the electrical hazards that ultimately caused the loss. This result is simply inconsistent with Minnesota law.

## ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fidel Enrique RUELAS, Defendant–
Appellant.**

**No. 95–10441.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 1996.

Filed Sept. 30, 1996.

As Amended on Denial of Rehearing
and Rehearing En Banc Feb. 13, 1997.