United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 95-3829

Robert A. Cornell,

        Appellant,

    v.

Crispus Nix, Warden, ISP,

        Appellee.

*
*
*
*
*  Appeal from the United States
*  District Court for the
*  Southern District of Iowa.
*
*
*

_____

Submitted: June 13, 1996

Filed: July 16, 1997

_____

Before HANSEN, ROSS, and JOHN R. GIBSON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Robert A. Cornell appeals the district court's[1] denial of his Rule 60(b), Fed. R. Civ. P., motion to reopen his petition for habeas corpus filed under 28 U.S.C. § 2254

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

(1994).[2] The petition attacked Cornell's 1976 first-degree murder conviction on two grounds: first, that new evidence showed Cornell was actually innocent of the crime, and second, that the prosecution unconstitutionally had suppressed exculpatory evidence. In an en banc decision, we rejected on the merits Cornell's claim based on suppression of evidence. Cornell v. Nix, 976 F.2d 376, 382-84 (8th Cir. 1992) (en banc), cert. denied, 507 U.S. 1020 (1993). We also held that his claim of actual innocence was procedurally defaulted, and that he had not demonstrated cause for his default. Id. at 380-81. Moreover, applying the standard of Sawyer v. Whitley, 505 U.S. 333, 350 (1992), we held that his procedural default could not be excused under the fundamental miscarriage of justice exception. 976 F.2d at 381-82. Later, the Supreme Court decided Herrera v. Collins, 506 U.S. 390 (1993), pertaining to claims of actual innocence made as a substantive ground for relief, and Schlup v. Delo, 513 U.S. 298 (1995), pertaining to the standard of proof for claims of actual innocence made for procedural purposes. Cornell then brought a Rule 60(b) motion on the theory that Schlup worked a change in the law that would have affected the outcome of his

---

[2]On April 24, 1996, after the parties filed briefs in this case, President Clinton signed the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, sec. 106, 1996 U.S.C.C.A.N. 1214, 1220-21. This Act works changes to section 2254, see Felker v. Turpin, 116 S. Ct. 2333 (1996), but has no specified effective date. Since Congress passed the Act, however, neither party has argued that the Act should be applied here, and we thus consider the issue waived. See Johnson v. Baldwin, 114 F.3d 835, 839 n.2 (9th Cir. 1997); Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 117 S. Ct. 1260, 1289 (1997); Davis v. Executive Director, 100 F.3d 750, 755 n.1 (10th Cir. 1996), cert. denied, 117 S. Ct. 1703 (1997). In Lindh v. Murphy, No. 96-6298, 1997 WL 338568, *8 (U.S. June 23, 1997), the Supreme Court held that the "new provisions of chapter 153 generally apply only to cases filed after the Act became effective."

case, and that this change constituted "extraordinary circumstances" warranting relief from our earlier judgment. The district court denied his motion. We affirm the district court's denial of relief.

Cornell was convicted in Iowa state court of first-degree murder and sentenced to life imprisonment for the 1976 killing of Kenneth Crow. The principal witness against Cornell was his fourteen-year-old half-brother, Glenn Albert Oliver, who was riding in a car with Cornell and Crow before the killing. Albert saw Cornell and Crow leave the car together and go into the woods, and later heard a shot. When Cornell returned to the car alone, Albert asked Cornell if "he did what I think he did," and Cornell answered, "Yes, does it bother you?" Two other witnesses, Eric Lynn Cross and Cornell's half-brother, Bryce Oliver, testified that Cornell told them after the fact not to worry about Crow, that he and Crow had had a fight and Crow had a broken neck. Cornell's defense at trial was that Crow had left the car alive after an argument with Cornell and had stolen Cornell's gun; his theory was that Bryce Oliver actually had committed the killing. See Cornell, 976 F.2d at 378.

The Iowa Supreme Court affirmed Cornell's conviction and sentence on direct appeal. State v. Cornell, 266 N.W.2d 15 (Iowa), cert. denied, 439 U.S. 947 (1978). He filed a habeas petition, which was denied. Cornell v. Iowa, 628 F.2d 1044 (8th Cir. 1980), cert. denied, 449 U.S. 1126 (1981). He also applied for post-conviction relief in the Iowa courts. One of his grounds for relief was that Eric Lynn Cross had sent a letter to the state recanting his trial testimony. At the time of the state post-conviction proceedings, Cross was not available as a witness, and so the letter came in only to show that the state had received such a letter. The state offered into the record the statement of Robert Pontious, a state investigator, who said he had interviewed Cross about the letter, and that Cross said he signed it because Cornell had threatened him. The Iowa Court of Appeals ordered a new trial on the ground that the prosecution had suppressed evidence, Cornell v. State, No. 87-69 (Iowa Ct. App. Apr. 20, 1988). The

Iowa Supreme Court reversed the Court of Appeals, holding that the suppressed evidence was not material. Cornell v. State, 430 N.W. 2d 384, 386-87 (Iowa 1988).

Cornell filed a second habeas petition in 1988, raising the suppression of exculpatory evidence claim. Cornell later sought to supplement the record to include a 1989 affidavit from Cross, recanting Cross's trial testimony and denying that Cross had been interviewed by Pontious after writing the 1977 letter. The district court denied the motion to supplement the record with the 1989 affidavit, but we reversed, ordering an evidentiary hearing on whether the recantation was newly discovered evidence that would "probably produce an acquittal on retrial," warranting a new trial under our (pre-Herrera) case of Mastrian v. McManus, 554 F.2d 813, 823 (8th Cir.), cert. denied, 433 U.S. 913 (1977). Cornell v. Nix, 921 F.2d 769, 771 (8th Cir. 1990). After an evidentiary hearing, the district court concluded that the new evidence and the suppressed evidence together did warrant a new trial. However, our en banc decision reversed the district court's decision and denied Cornell's application for writ of habeas corpus. 976 F.2d at 380-84.

In our en banc decision, we held that Cornell had committed procedural default by failing to raise the matters covered in the 1989 Cross affidavit in state court and that he had not demonstrated cause for this default. Id. at 380-81. We then reasoned that his procedural default could be excused only if he demonstrated that a fundamental miscarriage of justice would result from our refusal to hear his claim and that to do so he must show that he was "actually innocent." Id. at 381. We held that the proper gauge of "actual innocence" in this context was the test stated in Sawyer v. Whitley, 505 U.S. at 350. This test would require Cornell to show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found him guilty. 967 F.2d at 381. Reviewing the evidence de novo, we held that Cornell did not establish "by clear and convincing evidence that but for the alleged errors, no reasonable juror would have convicted him." Id. at 382. Therefore, Cornell's claim based on the 1989 affidavit was barred from review.

Cornell's other claim, that the prosecution suppressed exculpatory evidence, was not procedurally barred. We reviewed that claim on the merits and concluded that the allegedly suppressed evidence was not material. Id. at 384.

Three years after our en banc decision, the Supreme Court decided Schlup v. Delo, 513 U.S. 298, a case that came to the Supreme Court on certiorari from this circuit. In Schlup, the prisoner had filed a second petition, claiming ineffective assistance of counsel. He could not show cause and prejudice for failing to include the claim in his first petition, but he claimed that he was excused from doing so since newly discovered evidence showed he was innocent of the murder for which he had been convicted. This court had held that Schlup could not overcome the procedural bar to consideration of his claim on the merits because he did not meet the applicable burden of establishing by "clear and convincing evidence" (the Sawyer standard) that no reasonable juror would have convicted him in light of the new evidence, and we denied Schlup relief. Schlup v. Delo, 11 F.3d 738, 743 (8th Cir. 1993), rev'd, 513 U.S. 298 (1995).

The Supreme Court reversed, explaining that we should have judged Schlup's claim under the standard from Murray v. Carrier, 477 U.S. 478, 492 (1986), that required a petitioner to show that the constitutional error "probably" resulted in the conviction of one who was actually innocent, rather than the Sawyer standard. See Schlup, 513 U.S. at 323-32. To establish the requisite probability under Carrier, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. The Court explained this was the correct test to apply when considering whether a petitioner has shown "actual innocence" where the claim of innocence does not by itself provide a basis for relief, but instead provides "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Id. at 315 (quotation omitted).

-5-

After the Supreme Court decided <u>Schlup</u>, pointing out the Eighth Circuit's misunderstanding of the level of proof necessary to establish innocence to excuse procedural default, Cornell filed a Rule 60(b) motion, seeking to have his habeas proceedings reopened on the basis of "extraordinary circumstances." The extraordinary circumstance he alleged was the change in this circuit's law wrought by <u>Schlup</u>. The district court denied the Rule 60(b) motion because the court did not consider itself to have the power to enter an order contrary to what we had instructed it to do in our en banc decision.

On appeal, Cornell argues that under <u>Schlup</u> we must evaluate his newly discovered evidence claim under the less demanding "more likely than not" standard, and that if we do so, we will conclude that his procedural default should be excused.

Rule 60(b) allows a court to grant relief from a final judgment or order. <u>See</u> <u>Mohammed v. Sullivan</u>, 866 F.2d 258, 260 (8th Cir. 1989) (habeas corpus proceeding). "[Rule 60(b)] is properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." <u>Id.</u> (quotation omitted). "A post-judgment change in the law having retroactive application may, in special circumstances, constitute an extraordinary circumstance warranting vacation of a judgment." <u>Id.</u> (quoting <u>Matarese v. LeFevre</u>, 801 F.2d 98, 106 (2d Cir. 1986) (habeas corpus proceeding), <u>cert. denied</u>, 480 U.S. 908 (1987)); <u>see also</u> <u>Ritter v. Smith</u>, 811 F.2d 1398, 1401 (11th Cir.), <u>cert. denied</u>, 483 U.S. 1010 (1987). "We think it particularly appropriate for the district court to entertain a Rule 60(b)(6) motion on grounds of a retroactive change in the law in the context of a habeas corpus proceeding, in which 'conventional notions of finality of litigation have no place.'" <u>Matarese</u>, 801 F.2d at 106 (quoting <u>Sanders v. United States</u>, 373 U.S. 1, 8 (1963)). Cornell is serving a life sentence. In discussing equitable considerations, we cannot ignore the fact that lifetime imprisonment under a mistaken legal ruling is a "quintessential

miscarriage of justice."  See Schlup, 513 U.S. at 324 (referring to execution of an innocent person).

Here, Cornell argues that Schlup is a material change in the law previously applied by this court in his case.  We thus analyze Schlup to determine if it is a change in the law constituting sufficient extraordinary circumstances to warrant relief from a judgment under Rule 60(b).

Cornell's claim for relief is that the new evidence of Cross's recantation shows that he is actually innocent of the crime.  When this court heard Cornell's appeal in 1990, we ordered an evidentiary hearing on both the newly discovered evidence claim and the suppression of evidence claim.  921 F.2d at 771.  When the case reappeared before us en banc after the evidentiary hearing, we disposed of the Brady claims on the merits, holding that the suppressed evidence was immaterial.  976 F.2d at 382-84.  We also held that Cornell's new evidence did not meet the Sawyer standard that required Cornell to show by "clear and convincing" evidence that no reasonable juror would have convicted him in the light of new evidence and thus concluded that his procedural default could not be excused.  Id. at 381-82.

Because this court has disposed of the Brady claims on the merits, only the newly discovered evidence claim could be resurrected by reopening the case to apply Schlup.  This remaining claim is a Herrera-type free standing claim of innocence, unconnected to any other constitutional violation.  Whether Cornell's procedural default would be excused under Schlup is irrelevant because his substantive Herrera claim requires a stronger showing of innocence than Schlup demands.  Cornell's reliance on Schlup in his 60(b) motion is thus misplaced.

Schlup explained that a petitioner's request for relief because of actual innocence can be based on different grounds and that the level of proof required to establish "actual innocence" depends upon the type of ground the petitioner bases his or her

petition for relief. Of particular relevance to this case, <u>Schlup</u> described the difference between Schlup's procedural claim of actual innocence and the substantive claim of actual innocence raised in <u>Herrera v. Collins</u>, 506 U.S. 390 (1993). In <u>Herrera</u>, the petitioner asserted that because he was actually innocent of the crime for which he had been convicted, his execution would constitute cruel and unusual punishment in violation of the Eighth Amendment and violate the Fourteenth Amendment's Due Process Clause. <u>See</u> <u>id.</u> at 398. <u>Herrera</u> assumed, without deciding, that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional." <u>Id.</u> at 417. <u>Herrera</u>, however, did not establish the exact level of proof that would hypothetically be required for a substantive claim based on actual innocence because Herrera did not come close to meeting this standard. The Court, however, stated that the standard would be "extraordinarily high." <u>Id.</u>; <u>accord</u> <u>id.</u> at 426 (O'Connor, J., concurring).[3]

In contrast, Schlup's constitutional claims were not based on his innocence, but instead on his argument that the ineffectiveness of his counsel under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and the prosecutor's withholding of evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), denied him constitutional protections. <u>See</u> <u>Schlup</u>, 513 U.S. at 314. Schlup, however, faced procedural obstacles to these claims. In cases where the petitioner has filed a successive or abusive writ, or where he or she has committed a procedural default, if the petitioner cannot establish cause and prejudice, he or she can obtain review of his or her constitutional claims only by showing that he or she falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving "actual innocence" is a way

---

[3]Justice White, concurring separately, stated that the standard for a <u>Herrera</u> claim ought "at the very least" to be as stringent as the <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979), standard (i.e. no rational trier of fact <u>could</u> find the petitioner guilty). 506 U.S. at 429. <u>Schlup</u> specifically stated that the <u>Jackson</u> standard is higher even than the <u>Sawyer</u> standard we applied in our en banc decision in Cornell's case. 513 U.S. at 323 n.38.

to demonstrate that one's case falls within that narrow class. See id. at 314-15. This type of "actual innocence" is not a substantive claim in itself, but is a "gateway" through which a petitioner must pass to obtain review of defaulted substantive claims. In Schlup, the petitioner's claim of innocence was not a basis for his relief; instead his actual relief would be based on the validity of his Strickland and Brady claims. Schlup's innocence claim thus was "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" Id. at 315 (quoting Herrera, 506 U.S. at 404).

Because Schlup's claim of actual innocence was accompanied with an assertion of constitutional error at trial, the court held that Schlup's procedural default could be excused only if he could show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. The Court explained that Schlup's claim of innocence need not meet as high a standard as that imposed on Herrera's substantive claim of innocence.

> Schlup's evidence of innocence need carry less of a burden [than a Herrera claimant]. . . .
>
> . . . If there were no question about the fairness of the criminal trial, a Herrera-type claim would have to fail unless the federal habeas court is itself convinced that those new facts unquestionably establish Schlup's innocence. On the other hand, if the habeas court were merely convinced that those new facts raised sufficient doubt about Schlup's guilt to undermine confidence in the result of the trial without assurance that that trial was untainted by constitutional error, Schlup's threshold showing of innocence would justify a review of the merits of the constitutional claims.

Id. at 316-17.

While the Supreme Court did not clearly articulate the quantum of proof necessary for a claim based solely on actual innocence when it drew the distinction we quote above, it is evident that such claims require that the court be "convinced that those new facts unquestionably establish [the defendant's] innocence." Id. Cornell, however, argues that we should apply to his claim the Schlup-gateway standard, which only requires that the new facts raise sufficient doubt about his guilt to undermine confidence in the result of the trial. This argument, however, provides no relief to Cornell, because regardless of whether he can satisfy the Schlup-gateway standard, his substantive claim must still meet the Herrera standard, which requires him to show new evidence that "unquestionably establishes" his innocence.

In our en banc decision we held that Cornell had not established by clear and convincing evidence that no reasonable juror would have convicted him. Even though later Schlup establishes that this was the wrong standard to apply in the procedural default context, our holding nevertheless establishes that Cornell cannot meet the Herrera standard of proof. In Allen v. Nix, 55 F.3d 414 (8th Cir.), cert. denied, 116 S. Ct. 574 (1995), we reiterated the Supreme Court's description of the Herrera standard: "a Herrera-type claim would have to fail unless . . . new facts unquestionably establish the petitioner's innocence." Id. at 417. Thus our task is to consider how the clear and convincing evidence standard compares to Herrera's "unquestionably establish" standard.

The Supreme Court has considered the meaning of the clear and convincing evidence standard in civil contexts other than habeas corpus. In Colorado v. New Mexico the Supreme Court stated that the clear and convincing evidence standard "place[s] in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable." 467 U.S. 310, 316 (1984) (quotation omitted). In Cruzan v. Director, Missouri Department of Health, 497 U.S. 261 (1990), the Supreme Court labeled the clear and convincing evidence standard as an "intermediate standard," see id. at 282, and observed that in the termination of life context the New Jersey

Supreme Court had defined clear and convincing evidence as "evidence which 'produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.'" Id. at 285 n.11 (quoting In re Jobes, 529 A.2d 434, 441 (N.J. 1987)). See also Travelhost, Inc. v. Blandford, 68 F.3d 958, 961 (5th Cir. 1995) (applying the New Jersey Supreme Court's definition discussed in Cruzan and observing that the clear and convincing evidence standard is higher than the preponderance of the evidence standard, but not as high as beyond a reasonable doubt standard); In re Medrano, 956 F.2d 101, 102 (5th Cir. 1992) (applying the New Jersey Supreme Court's definition discussed in Cruzan); Buildex Inc. v. Kason Indus., Inc., 849 F.2d 1461, 1463 (Fed. Cir. 1988) (clear and convincing evidence standard lies between "beyond a reasonable doubt" and "preponderance of the evidence" and applying Colorado's definition of clear and convincing evidence).

Though not susceptible to precise definition, see id. at 1463, Cruzan refers to the clear and convincing evidence as an "intermediate standard" and Colorado indicates that it is an even more exacting standard. We believe that the Herrera burden we reiterated in Allen v. Nix as requiring the petitioner to show "new facts that unquestionably establish the petitioner's innocence,"[4] 55 F.3d at 417, is at least as exacting as the clear and convincing evidence standard, and possibly more so. Accordingly, our en banc holding that Cornell had not met the clear and convincing evidence standard is sufficient to bar a holding that Cornell has unquestionably established his innocence.[5]

---

[4]Cf. Bowman v. Gammon, 85 F.3d 1339, 1342 (8th Cir.), cert. denied, 117 S. Ct. 1273 (1996).

[5]In Carriger v. Stewart, 95 F.3d 755, 757 (9th Cir. 1997), the Ninth Circuit interpreted the "unquestionably establish innocence" phrase to require the petitioner to "prove actual innocence . . . by clear and convincing proof." In other words, the Ninth

-11-

Since Cornell's only remaining substantive claim requires a showing of innocence at least equal to the clear and convincing evidence <u>Sawyer</u> standard, and we have already held en banc that Cornell did not meet this standard, he cannot prevail on the merits of his petition. Therefore, it would be in vain to reopen the case, even if Cornell made a sufficient showing to excuse his procedural default. Because our earlier denial of Cornell's claim for relief will not be changed in light of <u>Schlup</u>, Rule 60(b) relief is inappropriate here.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

Circuit interpreted <u>Herrera</u> to require exactly the quantum of proof that we earlier held Cornell failed to produce. The Ninth Circuit, however, granted rehearing of the case en banc. 106 F.3d 1415 (9th Cir. 1997). The case was argued March 27, 1997. An en banc opinion has not been filed as of the date of the filing of this opinion. <u>See generally</u> Barry Friedman, <u>Failed Enterprise: The Supreme Court's Habeas Reform</u>, 83 Cal. L. Rev. 485, 503-12 (1996).