**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1356
_____

DONALD MILES,
Appellant

v.

JEFFREY A. SMITH, Honorable Judge at Lackawanna County Courthouse; BRIAN
GALLAGHER, Deputy District Attorney, Lackawanna County; JOHN & JANE DOE,
Unlimited Attorneys, Judges and Detectives in Lackawanna County

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-01434)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2022
Before:  MCKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 16, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Donald Miles, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania that dismissed his civil rights complaint. For the following reasons, we will affirm.

While awaiting trial on state drug charges, Miles filed a complaint pursuant to 42 U.S.C. § 1983, alleging that he was being detained and prosecuted in retaliation for his refusal to serve as a material witness and confidential informant. (ECF 1.) He named as defendants Jeffrey A. Smith, a Lackawanna County judge, and Brian Gallagher, a deputy district attorney in Lackawanna County. Miles sought costs, declaratory and injunctive relief, including orders to enjoin his prosecution and release him from custody, and any other relief the District Court deemed just.

Deputy District Attorney Gallagher filed a motion to dismiss (ECF 8), which Miles opposed. (ECF 12.) A Magistrate Judge determined that the complaint was both malicious, as a duplicate of prior still-pending case, and legally frivolous, because it raised claims barred by, inter alia, judicial and prosecutorial immunity. (ECF 15.) Over Miles' objections, the District Court adopted the Magistrate Judge's recommendation to dismiss Miles' complaint under 28 U.S.C. § 1915(e)(2)(B)(i) and to dismiss Deputy District Attorney Gallagher's motion to dismiss as moot. (ECF 18.) In a separate memorandum, the District Court concluded that abstention was required under Younger v. Harris, 401 U.S. 37 (1971), but even if Younger abstention were not appropriate, the

2

defendants were entitled to immunity for the reasons given by the Magistrate Judge. (ECF 17.) Miles appealed.[1] (ECF 19.)

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We review de novo the District Court's dismissal of the complaint under § 1915(e)(2)(B)(i). See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020). A complaint is considered frivolous if it lacks an arguable basis in law or fact, and a suit may be considered frivolous where defendants are clearly "immune from suit." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). We exercise plenary review over a determination that abstention under Younger is proper. See PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev., 978 F.3d 871, 881 n.11 (3d Cir. 2020).

To the extent that Miles sought to enjoin his continued prosecution, abstention under the Younger doctrine was appropriate. The Younger abstention doctrine "reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee

---

[1] Although Miles' notice of appeal was filed more than 30 days after the District Court entered its order dismissing the complaint, see Fed. R. App. P. 4(a)(1)(A), the District Court subsequently granted his request for an extension of time to appeal, see Fed. R. App. P. 4(a)(5), and deemed his appeal timely filed. (ECF 35.)

[2] The complaint also named John and Jane Doe defendants, who were identified only as "unlimited attorneys, judges, and detectives in Lackawanna County." Because the Doe defendants were never served with process, they were never parties to the case within the meaning of Federal Rule of Civil Procedure 54(b). See Gomez v. Gov't of V.I., 882 F.2d 733, 735-36 (3d Cir. 1989); United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976). Accordingly, the District Court's order is final and appealable. See Gomez, 882 F.2d at 735-36. We note that Miles raises no claim of error regarding the John and Jane Doe defendants.

v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).  The Supreme Court has explained that "Younger exemplifies one class of cases in which federal-court abstention is required:  When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."  Sprint Commc'ns v. Jacobs, 571 U.S. 69, 72 (2013); see also Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 462 (3d Cir. 2019) (emphasizing that Younger abstention aims to avoid federal-court interference in ongoing state criminal proceedings).  Miles' request for an order preventing his prosecution clearly involves just such a circumstance.  His criminal prosecution was still pending in the Court of Common Pleas of Lackawanna County when he filed his complaint.  See PDX N., Inc., 978 F.3d at 885 ("'[S]tate proceedings are ongoing for Younger abstention purposes' ... if the state proceeding 'was pending at the time [the plaintiff] filed its initial complaint in federal court.'" (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408–09 (3d Cir. 2005))).  Although the application of Younger is limited when there is "a showing that the charges had been brought in bad faith or with an intent to harass," ACRA Turf Club, LLC v. Zanzuccki, 748 F.3d 127, 132 (3d Cir. 2014), Miles failed to make such a showing here.  See Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975) ("'[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.") (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

The District Court also properly determined that, to the extent that Miles sought monetary damages, Judge Smith and Deputy District Attorney Gallagher were entitled to immunity.  Miles' complaint was focused on actions that Judge Smith and Deputy

4

District Attorney Gallagher took in their judicial and prosecutorial capacities in connection with Miles' prosecution on drug charges. In particular, Miles alleged that Judge Smith and Deputy District Attorney Gallagher prosecuted him in retaliation for refusing to provide evidence against another individual.[3] For instance, Miles claimed that because he "refused to recite and state the criminal accusations made up by Judge Smith and attorney Gallagher" and "refus[ed] to labor … as their material witness and confidential informant," "they are still prosecuting" him. (ECF 1, at 4.) Judge Smith is immune, however, because "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam); see also Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (holding that judicial immunity extends to judicial officers, even if their actions were "'in error, w[ere] done maliciously, or w[ere] in excess of [their] authority,'" unless the officers acted in clear absence of all jurisdiction (quoting Azubuko, 443 F.3d at 303)). Similarly, prosecutors are generally immune from liability for damages in actions brought pursuant to § 1983. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Miles did not allege that Judge Smith acted in the absence of all jurisdiction or that Deputy District Attorney Gallagher's actions were not "intimately associated with the judicial phase of the criminal process." Fogle v. Sokol, 957 F.3d 148, 159-61 (3d Cir. 2020).

---

[3] Contrary to Miles' argument on appeal, see Appellant's Br., at 2, we agree with the District Court that Miles' complaint belies his assertion that he brought a claim for "violation of the freedom of speech clause" of the First Amendment, rather than a retaliation claim. (ECF 17, at 3-4.)

Although "absolute judicial immunity extends only to claims for damages," Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Nothing in Miles' complaint suggests that his exception applies. See Azubuko, 443 F.3d at 303-04. Likewise, prosecutorial immunity does not apply to requests for declaratory or injunctive relief. Supreme Court of Va. v. Consumers Union of the U.S., Inc., 446 U.S. 719, 736 (1980). But Miles' request for an order directing his release from custody must be pursued via a request for a writ of habeas corpus, not in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); cf. Allen v. Nix, 55 F.3d 414, 415-17 (8th Cir. 1995) (affirming denial of habeas relief to petitioner who claimed, among other things, that his detention on a state material witness warrant violated the Fourth Amendment).

In sum, the District Court did not err in dismissing the complaint under § 1915(e). Furthermore, amendment of Miles' complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Accordingly, we will affirm the judgment of the District Court. Deputy District Attorney Gallagher's "Motion for Leave to File Supplemental Appendix," construed as a motion to expand the record, is granted.