**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BYRON GAY,

    Petitioner - Appellant,

v.

SCOTT DAFFENBACH, Warden,
Fremont Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

    Respondents - Appellees.

No. 18-1435
(D.C. No. 1:18-CV-00188-RBJ)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Mr. Byron Gay was convicted in Colorado district court. After
unsuccessfully appealing and collaterally challenging the conviction in
state court, Mr. Gay sought habeas relief in federal district court. That
court denied relief, and Mr. Gay wants to appeal. To do so, he requests a
certificate of appealability and leave to proceed in forma pauperis.

---

[*]    Our order does not constitute binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. But the
order may be cited for its persuasive value if otherwise appropriate. _See_
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

## Certificate of Appealability

We deny the request for a certificate of appealability.

**1.     Mr. Gay is convicted based on a DNA match.**

The conviction grew out of a burglary in Colorado. The homeowners and two guests returned home, and the burglar fled through a bedroom window. The police quickly arrived to investigate, and the guests described the burglar as a white male. The police later tested the DNA samples from an imprint on a kitchen window and matched the DNA to Mr. Gay, who is African-American. The trial court convicted Mr. Gay of second-degree burglary, theft, and criminal mischief.

**2.     Mr. Gay is not entitled to a certificate of appealability on the claims involving actual innocence, insufficiency of the evidence, and unreliability of the evidence.**

In part, Mr. Gay sought habeas relief based on actual innocence, insufficiency of the evidence, and unreliability of the evidence. The district court rejected these claims on the merits, and Mr. Gay wants to appeal these rulings. To do so, he needs a certificate of appealability. *See* 28 U.S.C. § 2253(c) (requiring a certificate of appealability for an appeal). We can issue the certificate on these claims only if reasonable jurists would regard the district court's rulings as debatable or wrong on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Gay cannot satisfy this standard.

In our circuit, "actual innocence does not constitute a freestanding basis for habeas relief." *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019). Thus, no reasonable jurist would regard the district court's ruling on Mr. Gay's claim of actual innocence as debatable or wrong.

Nor could reasonable jurists debate Mr. Gay's claim involving insufficiency of the evidence. For this claim, the underlying test is whether a rational fact-finder could have found the essential elements of guilt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In applying this test, we view the evidence in the light most favorable to the prosecution. *Id.* And viewing the DNA evidence favorably to the prosecution, a fact-finder could reasonably have found guilt.

Mr. Gay contends that some of the DNA evidence should have been excluded. But when the petitioner challenges the sufficiency of the evidence, we consider all of the evidence even if some of it should have been excluded. *McDaniel v. Brown*, 558 U.S. 120, 130-31 (2010) (per curiam). Thus, Mr. Gay's contention does not render the ruling debatable or wrong.

Mr. Gay also disputes the way that the state appellate court considered the DNA evidence. That court concluded that the defense had essentially conceded the existence of a DNA match by admitting that Mr. Gay's partial DNA profile had been found on the kitchen window. Mr. Gay argues that the state appellate court should not have relied on

defense counsel's concession. To prevail on habeas relief, however, Mr. Gay must show that the state appellate court's rationale was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). And Mr. Gay has not identified any Supreme Court case law restricting state courts from deeming defense counsel's concessions as binding on the client. So no reasonable jurist would regard this ruling as contrary to, or an unreasonable application of, Supreme Court precedent. We thus deny a certificate of appealability on this claim.

**3. Mr. Gay is not entitled to a certificate of appealability on his procedurally barred habeas claim involving ineffective assistance of counsel.**

In district court, Mr. Gay also claimed that his trial counsel had been ineffective in failing to hire a DNA expert. The district court deemed this claim procedurally barred. To obtain a certificate of appealability on this issue, Mr. Gay must show that the district court's procedural ruling was at least reasonably debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Gay cannot clear this hurdle.

He brought this claim when appealing the denial of his collateral challenge in state court. The state appellate court declined to consider the claim, reasoning that Mr. Gay had to present the claim in state district court. Given this procedural defect, the federal district court deemed the claim procedurally barred unless Mr. Gay could show cause and prejudice.

4

Mr. Gay argued that cause and prejudice existed based on a lack of counsel in state district court. The federal district court rejected this argument, and we conclude that this ruling is not reasonably debatable.

Mr. Gay has not presented any evidence that a DNA expert would have provided favorable testimony. Given the absence of such evidence, we conclude that Mr. Gay failed to present a reasonably debatable theory of prejudice.[1] In the absence of prejudice, the claim of ineffective assistance is clearly procedurally barred. We thus deny a certificate of appealability on this claim. *See Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008) (holding that the petitioner had not shown prejudice from counsel's failure to call expert witnesses when the petitioner had not identified helpful testimony that the witnesses would have provided).

\* \* \*

Given the absence of a reasonably debatable ruling in district court, we decline to issue a certificate of appealability. The lack of a certificate requires us to dismiss the appeal.

### Leave to Proceed In Forma Pauperis

Though we dismiss the appeal, we must address Mr. Gay's motions for leave to proceed in forma pauperis. *See Clark v. Oklahoma*, 468 F.3d

---

[1] Given the absence of prejudice, we need not decide whether Mr. Gay has shown cause.

711, 715 (10th Cir. 2006) (stating that a petitioner remains obligated to pay the filing fee after denial of a certificate of appealability). To obtain leave to proceed in forma pauperis, Mr. Gay must show that he

- lacks the money to prepay the filing fee and

- brings the appeal in good faith.

28 U.S.C. § 1915(a)(1), (a)(3).

He satisfies both requirements, for he has no assets and we have no reason to question Mr. Gay's good faith even though the rulings are not reasonably debatable. *See Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (per curiam) (stating that the petitioner's burden for a certificate of appealability "is considerably higher" than the burden of "good faith" for leave to proceed in forma pauperis). As a result, we grant leave to proceed in forma pauperis. *See Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (granting leave to proceed in forma pauperis notwithstanding the denial of a certificate of appealability); *Yang v. Archuleta*, 525 F.3d 925, 931 & n.10 (10th Cir. 2008) (same).

Entered for the Court


Robert E. Bacharach
Circuit Judge

6