**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOE SANDERS, II,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 19-5080
(D.C. No. 4:19-CV-00396-CVE-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Joe Sanders, II, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal the district court's order denying his 28 U.S.C. § 2254 petition. For the reasons explained below, we deny his request and dismiss the petition.

After an Oklahoma jury found Sanders guilty of first-degree murder and other crimes, the trial court sentenced him to life in prison without the possibility of parole. In 2009, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Sanders's

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Sanders's pro se filings. But we do not act as his advocate or excuse his failure to follow procedural rules. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

convictions and sentence. The state district court later denied Sanders's application for state postconviction relief. In 2010, Sanders filed his first § 2254 petition, seeking federal postconviction relief. The district court dismissed that petition on the merits. *Sanders v. Miller*, No. 10-CV-567-TCK-TLW, 2013 WL 2323138, at *10 (N.D. Okla. May 28, 2013) (unpublished). We denied Sanders a COA. *Sanders v. Miller*, 555 F. App'x 750, 753 (10th Cir. 2014) (unpublished).

In 2013, Oklahoma enacted the Postconviction DNA Act (DNA Act). *See* Postconviction DNA Act, ch. 317, 2013 Okla. Sess. Laws 1598 (codified at Okla. Stat. tit. 22, §§ 1373–1373.7). Sanders again sought postconviction relief in state court, this time "request[ing that] biological material be tested" under the DNA Act. R. 5. The state court denied relief, and the OCCA affirmed that denial.

Sanders then filed the § 2254 petition at issue here. He argued that the state "[c]ourt erred in denying [his] request for [p]ost[]conviction DNA testing under" the DNA Act and asked the district court to "set an evidentiary hearing for DNA testing." R. 7, 16. The district court determined that Sanders could not proceed under §2254, dismissed his petition, and denied his request for a COA. In so doing, the district court explained that although Sanders is "in custody pursuant to the judgment of a [s]tate court," he did not allege any "violation of the Constitution or laws or treaties of the United States." § 2254(a).

Sanders now asks us to issue a COA so he can appeal the district court's order. *See* 28 U.S.C. § 2253(c)(1)(A). Before we may do so, Sanders must "ma[ke] a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make

2

that showing, he must demonstrate at least that reasonable jurists could debate "whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In short, Sanders fails to do so. "Federal habeas relief is not available to correct state[-]law errors." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017). And Sanders's petition argues only an error of state law: that the "[c]ourt erred in denying [his] request for [p]ost[]conviction DNA testing under" Oklahoma's DNA Act. R. 7.

Nevertheless, Sanders argues on appeal that the state court's denial of DNA testing under Oklahoma's DNA Act "deprive[s him] of his liberty" under the Due Process Clauses of the Fifth Amendment and Fourteenth Amendment. Aplt. Br. 3. But Sanders did not make this argument below, and "[w]e do not generally consider [on appeal] issues that were not raised before the district court as part of the habeas petition." *Stouffer v. Trammell*, 738 F.3d 1205, 1221 n.13 (10th Cir. 2013).

Further, Sanders "cannot transform a state[-]law claim into a federal one merely by attaching a due[-]process label." *Leatherwood*, 861 F.3d at 1043. A state's procedures for postconviction DNA testing violate procedural due process "only if they are fundamentally inadequate to vindicate the substantive rights provided." *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009); *cf. Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (noting that "*Osborne* severely limits the federal action a state prisoner may bring for DNA testing"). And Sanders does not

argue that Oklahoma's DNA Act fails to meet this standard. For this reason as well, we reject Sanders's due-process argument.

In sum, Sanders does not challenge the constitutionality of the DNA Act, only how the Oklahoma courts applied it. And reasonable jurists could not debate that "[a]n error in interpreting state law cannot support habeas relief." *Farrar v. Raemisch*, 924 F.3d 1126, 1133 (10th Cir. 2019).[2] Thus, we deny his request for a COA and dismiss this matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[2] Sanders also suggests that DNA testing will "prove his innocence." Aplt. Br. 3. But we have held that such freestanding actual-innocence claims do not entitle a petitioner to habeas relief. *See Farrar*, 924 F.3d at 1131.