FILED
United States Court of Appeals
Tenth Circuit

**February 24, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LARENZO GABOUREL,

    Defendant - Appellant.

No. 22-6190
(D.C. Nos. 5:22-CV-00598-D &
5:15-CR-00172-D-2)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Larenzo Gabourel, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 motion). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Gabourel's request for a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Gabourel is proceeding pro se, we construe his filings liberally, but do not serve as his advocate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *James v. Wadas,* 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.  BACKGROUND

### A.  *Underlying Criminal Case*

A federal grand jury indicted Mr. Gabourel for (1) conspiracy to possess with intent to distribute phencyclidine ("PCP"), (2) possession of PCP with intent to distribute (or aiding and abetting the same), and (3) possessing a firearm in furtherance of a drug trafficking crime.  A jury found him guilty of all charges.  The district court sentenced him to 180 months in prison.  *See United States v. Gabourel*, 692 F. App'x 529, 533-34 (10th Cir. 2017) (unpublished).

On direct appeal, Mr. Gabourel argued the evidence was insufficient to support his convictions.  *Id.* at 531.  In June 2017, we affirmed, noting that "Mr. Gabourel ha[d] failed to show that no rational juror could have convicted him of" the charged offenses based on the evidence adduced at trial.  *Id.* at 549.

### B.  *Section 2255 Motion*

In July 2022, Mr. Gabourel moved for relief under § 2255 claiming he had obtained new exculpatory evidence:  Mr. Alvin Norman's sworn statement dated January 17, 2022 "attesting to [Mr. Gabourel's] alleged innocence of all charges and explaining [Mr. Gabourel's] presence at the apartment where PCP was kept and his association with the codefendants selling PCP."  ROA, Vol. IV at 103.[2]  Mr. Norman was a codefendant

---

[2] Although Mr. Gabourel filed his motion well beyond the one-year statute of limitation in 28 U.S.C. § 2255(f)(1), he relies on § 2255(f)(4) to toll the deadline based on when he could have discovered his new evidence.  The Government has not challenged the timeliness of his § 2255 motion.

and had fled prosecution.  He was a fugitive at the time of Mr. Gabourel's trial.  He later pled guilty to a drug distribution charge.  *Id.* at 102, 104.

The district court denied Mr. Gabourel's § 2255 motion because (1) he "assert[ed] only a freestanding claim of actual innocence, which cannot provide a substantive basis for relief from his convictions," *id.* at 105; and (2) his new evidence failed to establish actual innocence, *id.* at 105-06.  The court also denied Mr. Gabourel a COA.  *Id.* at 107.

## II.  DISCUSSION

A federal prisoner must obtain a COA to appeal a denial of habeas relief. 28 U.S.C. § 2253(c)(l)(B).  A COA requires "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The movant must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).

Mr. Gabourel argues that new evidence demonstrating actual innocence entitles him to relief.  Actual innocence may allow habeas review of procedurally-barred constitutional claims, but neither the Supreme Court nor this court has recognized it as a freestanding ground for relief.  In *Herrera v. Collins*, 506 U.S. 390 (1993), the Supreme Court held that "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Id*. at 404; *see LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) ("[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims,

does not, standing alone, support the granting of the writ of habeas corpus."); *see also*

*Farrar v. Raemisch*, 924 F.3d 1126, 1130-31 (10th Cir. 2019).

Mr. Gabourel, citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013), argues "the

Supreme Court has made clear . . . that a[n innocence] claim such as [his] should be

avai[l]able through habeas corpus." Aplt. Br. at 7. But in *McQuiggin*, the Court said it

had "not resolved whether a prisoner may be entitled to habeas relief based on a

freestanding claim of actual innocence." 569 U.S. at 392; *see also Case v. Hatch*,

731 F.3d 1015, 1036 (10th Cir. 2013) ("[I]n *Herrera*, the Court refused to endorse

[a freestanding actual innocence] habeas claim, and, as yet, it is an open question whether

such a federal right exists.").

We have consistently denied habeas relief based on actual innocence alone.

*See, e.g., Farrar*, 924 F.3d at 1131 ("[A]ctual innocence does not constitute a

freestanding basis for habeas relief."); *Vreeland v. Zupan*, 906 F.3d 866, 883 n.6 (10th

Cir. 2018) (same) (citing *LaFevers*, 238 F.3d at 1265 n.4); *United States v. Toki*, 822 F.

App'x 848, 853-54 (10th Cir. 2020) (unpublished) (applying the same in a § 2255

proceeding) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A)),

*vacated on other grounds*, *sub nom. Maumau v. United States*, 142 S.Ct. 57 (2021).[3]

---

[3] When no relief is available under federal statute, we have left open whether a prisoner may attempt to seek relief from a final criminal conviction when new cause arises through a writ of audita querela pled under the All Writs Act, *see* 28 U.S.C. § 1651(a). *See United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002); *Rawlins v. Kansas*, 714 F.3d 1189, 1192-93 (10th Cir. 2013).

Mr. Gabourel has not shown that jurists of reason could disagree with the district court's denial of his § 2255 motion.[4]

### III.  CONCLUSION

We deny Mr. Gabourel's application for a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[4] Mr. Gabourel asserts the district court erred in not holding an evidentiary hearing under 28 U.S.C. § 2255(b), which provides that a district court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Because a district court's denial of an evidentiary hearing would be reviewed for abuse of discretion during a merits appeal, the Supreme Court has accepted a formulation of "the COA question" as "whether a reasonable jurist could conclude that the District Court abused its discretion." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citation omitted).  Where, as here, a habeas claim is capable of being resolved on the existing record, there is no entitlement to an evidentiary hearing.  *See Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003).  A reasonable jurist could not conclude the district court abused its discretion in not holding an evidentiary hearing.  We decline to grant a COA on this issue.