FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LAMARK WENDELL WILLIAMS,

　　Petitioner - Appellant,

v.

CARRIE BRIDGES, Warden,

　　Respondent - Appellee.

No. 25-6025
(D.C. No. 5:24-CV-01170-SLP)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

　　Lamark Wendell Williams is an inmate at Oklahoma's James Crabtree Correctional Center. Proceeding pro se, he seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition.[1] He also requests to proceed in forma pauperis (IFP) on appeal. Exercising our jurisdiction under 28 U.S.C. § 1291, we grant his motion to proceed IFP but deny his application for a COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Williams proceeds pro se, we liberally construe his filings, but we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## BACKGROUND

An Oklahoma jury convicted Williams of first-degree murder and possessing a firearm as a felon. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed.

Williams then sought post-conviction relief in Oklahoma district court. He claimed (1) that his trial counsel rendered ineffective assistance of counsel by failing to "argue and present his defense of involuntary intoxication[,]" and (2) that his appellate counsel rendered ineffective assistance of counsel by "failing to raise [the first issue] on direct appeal." R. vol. I, at 37. The state district court rejected those arguments on procedural grounds and denied him post-conviction relief.

Williams appealed, and the OCCA remanded for the district court to "specifically address [the] claim of ineffective assistance of *appellate* counsel on its merits[.]" *Id.* at 30 (emphasis added). On remand, the district court again denied Williams post-conviction relief, concluding (1) that his claim for ineffective assistance of trial counsel was procedurally barred, and (2) that his claim for ineffective assistance of appellate counsel was meritless because his involuntary intoxication defense "was, in fact, presented and considered by the jury." *Id.* at 34.

Williams again appealed. This time, the OCCA affirmed the state district court's denial of post-conviction relief. In support, the OCCA concluded that his claim of ineffective assistance of trial counsel was procedurally barred, and

2

that his "ineffective assistance of appellate counsel claims are without merit" because he had not shown unreasonable performance by appellate counsel or prejudice. *Id.* at 38, 41.

Williams then filed this pro se § 2254 habeas petition in the United States District Court for the Western District of Oklahoma. He asserted three grounds: (1) that the OCCA erroneously determined that the state district court "addressed and denied each of [his] ineffective assistance of counsel claims on [the] merits," *id.* at 10; (2) that the OCCA failed to hold the state district court "in compliance" with an Oklahoma law requiring certain judicial fact findings be made on the record, *id.* at 12; and (3) that the state district court and the OCCA "failed to address and consider" his supplemental application for post-conviction relief in violation of the federal constitution, *id.* at 15.

The magistrate judge viewed all Williams's claims as "[a]ttacks on Oklahoma post-conviction procedure and procedural decisions made by the OCCA[.]" *Id.* at 49. So the magistrate judge recommended that the petition be dismissed because his claims failed to "challenge the constitutionality of the judgment underlying his incarceration" and could "not form the basis of a habeas petition." *Id.* Reviewing the recommendation, the district court agreed that Williams's claims "challeng[ed] the state's post-conviction procedures" and thus were "not properly before [the district court] on habeas review." *Id.* at 64. So the district court adopted the magistrate judge's recommendation, dismissed the petition, and denied him a COA.

3

Williams appealed, applying for a COA and moving to proceed IFP on appeal.

## STANDARD OF REVIEW

As a habeas petitioner in state custody, Williams must obtain a COA to appeal the dismissal of his § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To meet this standard, Williams must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## DISCUSSION

"Habeas corpus generally involves challenges to the fact or duration of confinement." *Graham v. White*, 101 F.4th 1199, 1205 (10th Cir. 2024). "These challenges typically involve defects in the underlying conviction." *Id.* But not all defects or legal violations support habeas relief. For example, "[h]abeas relief is available for a violation of the federal constitution, but not for a violation of state law." *Id.* at 1204. So claims that a state court misapplied state law, without an intertwined violation of the federal constitution, do not support habeas relief. *Id.* at 1204–05. Likewise, habeas relief is unavailable where a federal constitutional violation "involves only the post-conviction procedures rather than the imposition of the conviction or sentence." *Id.* at 1205.

4

The district court concluded that Williams's petition failed to state a cognizable habeas claim. It did so because it viewed the petition as improperly challenging "the state's post-conviction procedures" rather than challenging the underlying conviction based on violations of the federal constitution. R. vol. I, at 64. Though much of the petition is indiscernible, we agree with the district court's construction of the petition's grounds for relief.

The petition's first ground asserts that the state district court did not address his assistance-of-counsel claims on the merits, and that the OCCA erroneously stated otherwise. But a challenge to the OCCA's recitation of the district court's post-conviction ruling is not itself a constitutional challenge to his conviction or sentence. *See Farrar v. Raemisch*, 924 F.3d 1126, 1134 (10th Cir. 2019) ("[I]rregularities in a state appellate court's handling of post-conviction proceedings do not support habeas relief because there is no constitutional right to post-conviction proceedings.").

The petition's second ground asserts that the OCCA allowed the state district court to violate an Oklahoma law that sets technical requirements for judicial rulings. Even if that were true, "federal habeas corpus relief does not lie for errors of state law." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (internal quotation marks omitted).

And the petition's third ground claims that the state district court and the OCCA ignored his supplemental application for post-conviction relief.[2] "But habeas relief is unavailable when the error involves only the post-conviction procedures rather than the imposition of the conviction or sentence." *Graham*, 101 F.4th at 1205.

Without serving as Williams's advocate, reasonable jurists could not debate that the district court properly construed the petition as attacking only post-conviction procedural decisions made by the OCCA and the "state's post-conviction procedures."[3] R. vol. I, at 64. And under that construction of Williams's claims, reasonable jurists could not debate that the petition failed to

---

[2] Williams asserts without elaboration that the OCCA's disregard of his supplemental application violated his equal-protection and due-process rights. But even if the alleged supplemental-application error somehow violated those rights, this ground would not be cognizable under § 2554 because he does not explain how the supplemental-application error involved "the imposition of the conviction or sentence." *Graham*, 101 F.4th at 1205.

[3] Williams's COA application does not clearly challenge the district court's construction of his petition. *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (explaining that even prisoners proceeding pro se must make clear arguments in their opening brief). At times, he asserts that the district court "erred in its understanding of the facts," Op. Br. at 12, and that the magistrate judge "confuse[d] [his] claims with circumstances existing in the state's corrective process," *id.* at 10. And he suggests that his "counsel claim was one and the same as his [state post-conviction relief] claim." *Id.* at 13. But these offhand and conclusory statements do not explain what the district court overlooked in his *petition*—the "relevant pleading" for defining the scope of his claims. *Childers v. Crow*, 1 F.4th 792, 799 (10th Cir. 2021).

state "a valid claim of the denial of a constitutional right[.]"[4] *Slack*, 529 U.S. at 484. So Williams fails to satisfy the standard for a COA.

## CONCLUSION

We grant the motion to proceed IFP but deny the application for a COA and dismiss this appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge

---

[4] Because we construe Williams's petition as challenging only the OCCA's post-conviction procedural rulings, we do not view it as reasserting the constitutional claims he made in his state proceedings: (1) that trial counsel rendered constitutionally ineffective assistance by failing to present an involuntary intoxication defense, and (2) that appellate counsel rendered constitutionally ineffective assistance by failing to raise the first issue on appeal. So we do not consider those claims, or any other ineffective-assistance-of-counsel claim not contained in his petition. *See Childers*, 1 F.4th at 798 ("[W]e may not rewrite a petition to include claims that were never presented." (internal quotation marks omitted)).